**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**EVANSVILLE DIVISION**

| | |
|---|---|
| VEXOL S.A. DE C.V., and<br>SERGIO TORREBLANCA LOPEZ,<br><br>Plaintiffs,<br><br>v.<br><br>BERRY PLASTICS PLASTICS<br>CORPORATION,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)   Case No. 3:15-cv-00055-TWP-MPB<br>)<br>)<br>)<br>) |

**ENTRY ON DEFENDANT'S MOTION TO DISMISS**

This matter is before the Court on a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendant Berry Plastics Corporation ("Berry Plastics"). (Filing No. 30.)  On September 3, 2015, the Plaintiffs, Vexol S.A. de C.V. ("Vexol") and Sergio Torreblanca Lopez ("Mr. Torreblanca") (collectively, "Plaintiffs"), filed an Amended Complaint alleging that Berry Plastics violated various Indiana and Mexican laws.  Plaintiffs allege that subsidiary companies owned by Berry Plastics, which are located in Mexico, provided them poor quality products. After Plaintiffs' complained about the quality defects, the subsidiary companies made fraudulent claims in a Mexican Mercantile Court, instituted a criminal complaint in the Federal district Court of Mexico, and made threats attempting to drive Plaintiffs out of business.  Berry Plastics moves to dismiss the Amended Complaint on the bases that Plaintiffs fail to plead any viable claims under both Mexican and Indiana law.   For the reasons stated below, Berry Plastics Motion to Dismiss is **granted**.

## I.  BACKGROUND

Although the factual allegations are contested, as required for the purposes of this motion, the Court accepts as true all well-pleaded facts alleged in the Amended Complaint, and draws all possible inferences in the Plaintiff's favor. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.").

Berry Plastics is a Delaware corporation whose corporate executive office is located in Indiana and it conducts business within the state. (Filing No. 29 at 1.)  On December 3, 2009, Berry Plastics acquired one hundred percent (100%) of the common stock of Pliant Corporation. In acquiring the stock of Plaint Corporation, Berry Plastics also acquired an additional subsidary, Pliant Film Products of Mexico, Inc. ("Pliant"), which conducts business in the Republic of Mexico.  Pliant is in the business of manufacturing, importing, exporting, and distributing plastic film and packaging materials in Mexico and Berry Plastics operates Pliant as a Specialty Films Division.

Vexol is a Mexican entity that conducts business in the Republic of Mexico and Mr. Torreblanca, a citizen of Mexico, is an officer of the company.  The Plaintiffs are also in the plastic business.  Vexol has provided plastic film to its customers for over fifteen years. *Id.* at 3.  In 2009, Plaintiffs entered into a series of purchase orders with Pliant, whereby Pliant would provide and deliver large shrink wrap orders to Vexol.  *Id.*  As orders were placed and delivered, Vexol's customers complained that the shrink wrap was not performing adequately and Vexol's customers began returning the product.  Vexol informed Pliant that the shrink wrap provided was defective and that Vexol was incurring losses due to the low quality of the Pliant's product leading to

customer dissatisfaction.  *Id.*  Vexol returned the products to Pliant and demanded an adjustment to the balanced owed.  *Id.*

Instead of working out a business solution and recognizing the defective products, Pliant embarked on a series of acts to disparage the Plaintiffs. Specifically, Plaint caused Aspen Industrial S.A. de C.V. ("Aspen"), a separate Mexican entity, to bring a claim against Vexol in a Mexican Mercantile Court.  *Id.* at 3-4.   In that case, Aspen alleged that Vexol had executed a "pagare", the Mexican equivalent of a promissory note, which was assigned to Aspen.  *Id.*  In the pagare, Aspen claimed that Vexol had agreed to pay Pliant $5,000,000.00 in Mexican pesos.  *Id.*  Aspen attempted to have the Mexican Mercantile Court recognize the pagare note and hold Vexol responsible for it.  *Id.*

On April 10 2013, the Mexican Mercantile Court ruled that the pagare did not meet the requirements of Article 170 of the General Law of Titles of Credit and Credit Operations and issued a ruling in favor of Vexol, which Plaintiffs contend was largely due to forged signatures on the pagare.  *Id.* at 4-5.  Aspen filed an appeal contesting the order of the Mexican Mercantile Court and on July 12 2013, the Mexican Mercantile Court's order was confirmed by an "appellate" court panel in Mexico, and that court issued a mandate.

Undaunted, on April 2, 2014, Pliant initiated a criminal complaint against Plaintiffs based on the fabricated pagare and for unpaid invoices.  *Id*. at 6-7.  Pliant is using the criminal proceeding to disparage Plaintiffs and to steal Plaintiffs' shrink wrap customers.  *Id.* at 7.   Additionally, Pliant's criminal complaint has caused Plaintiffs to be in constant fear of being arrested and Pliant's fraud allegations have disrupted Plaintiffs' ability to conduct business.  *Id*.  Pliant's lawyers have called and threatened Plaintiffs with arrest unless they pay Pliant, even though the criminal proceeding has yet to be decided.  *Id*.

3

In response, Plaintiffs filed this action alleging that Berry Plastics, the parent company of Pliant, ordered its officers and agents to engage in the disparaging conduct.  Notably, however, Pliant is not named as a party.  In their Amended Complaint, Plaintiffs' bring claims against Berry Plastics under Indiana law for commercial disparagement and defamation, tortious interference with actual and prospective contracts and business relations. Plaintiffs also bring claims against Berry Plastics under Mexican law for civil responsibility and illicit acts, fraud and willful misrepresentation ("dolus"), and/or moral damages. Berry Plastics denies the allegations and has moved for dismissal pursuant to Fed. R. Civ. P. 12(b)(6).

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal if the complaint fails to sets forth a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  "The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits."  *Gibson v. City of Chi.*, 910 F.2d 1510, 1520, (7th Cir. 1990).  Accordingly, when analyzing a Rule 12(b)(6) motion to dismiss, a court construes the complaint in the light most favorable to the plaintiff, accepts all factual allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

Federal Rule of Civil Procedure 8 requires that a complaint set forth a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).  At a minimum, the complaint must give the defendant fair notice of what the claim is and the grounds upon which it rests; and the factual allegations must raise a right to relief above the speculative level.  *See Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009) (explaining that, consistent with the notice pleading standard, the purpose of the statement required by Rule 8

4

is to provide the defendant with fair notice of what the claim is and the grounds upon which it rests), *Tamayo*, 526 F.3d at 1081, 1083.

While a complaint need not include detailed factual allegations, a plaintiff has the obligation to provide the factual grounds supporting his entitlement to relief; and neither bare legal conclusions nor a formulaic recitation of the elements of a cause of action will suffice in meeting this obligation. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although this does not require heightened fact pleading of specifics, it does require the complaint to contain enough facts to state a claim to relief that is plausible on its face. *Twombly*, 550 U.S. at 570; *Tamayo*, 526 F.3d at 1083 ("(a) plaintiff still must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and, through his allegations, show that it is plausible rather than merely speculative, that he is entitled to relief"); *Bissessur*, 581 F.3d at 603 ("(a) claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

## III. <u>DISCUSSION</u>

### A. <u>Indiana Law Claims</u>

In their Amended Complaint, Plaintiffs make claims under Indiana tort law, alleging commercial disparagement, defamation, and tortious interference with actual and prospective contracts. ([Filing No. 29 at 8-10](#).) Berry Plastics argues persuasively that Plaintiffs' claims under Indiana law should be dismissed because Mexican law governs these claims.

In a diversity suit, a federal court, "[a]pplies the law of the state in which it sits, including the state's choice-of-law rules." *BB Syndication Servs., Inc. v. First Am. Title Ins. Co*., 780 F.3d 825, 829 (7th Cir. 2015). In tort cases, the Indiana choice of law analysis is a two-step inquiry;

5

first, the court must determine whether the differences between the laws of the states are "important enough to affect the outcome of the litigation", second, if the court finds that a difference in the laws will affect the outcome of litigation, the *lex loci delicti* rule applies.  *See Simon v. United States*, 805 N.E.2d 798, 805 (Ind. 2004) (explaining that the *lex loci delicti* rule "applies the substantive laws of the state where the last event necessary to make an actor liable for the alleged wrong takes place"); *Roe I v. Bridgestone Corp.*, No. 1:06-cv-0627-DFH-JMS, 2008 WL 2732192, *1 (S.D. Ind. July 11, 2008).  However, "absent circumstances where the place of the tort bears little connection to the lawsuit, Indiana still applies the traditional *lex loci delicti* rule when determining choice of law for tort claims".  *Viera v. Eli Lilly & Co.*, No. 1:09-cv-0495-RLY-DML, 2010 WL 3893791, *3 (S.D. Ind. Sept. 30, 2010); *see also Roe I*, 2008 WL 2732192 at *2.

The Plaintiffs' Amended Complaint clearly alleges that the wrongs took place solely in Mexico, causing harm to a Mexican company and its officer in Mexico.  The Plaintiffs allege that they entered into a business relationship with non-party Pliant in Mexico; that the non-performing product was delivered and returned in Mexico; that non-party Aspen and non-party Pliant conspired to harass Plaintiffs with civil and criminal litigation in Mexico; that the Plaintiffs are losing customers in Mexico; and that Plaintiffs, who reside in Mexico, are afraid of criminal penalties being wrongfully imposed upon them in Mexico.  (*See* Filing No. 29 at 3-7.)  In contrast, the Plaintiffs allege no actions taken by Berry Plastics in Indiana; no harm felt by the Plaintiffs in Indiana; and no business relationship being formed or severed in Indiana.  *See Id.*

Without question, Mexican law applies to this case, requiring dismissal of the Plaintiffs' Indiana law claims.[1]  *See, e.g.*, *Roe I*, 2008 WL 2732192 at *2-3 (deciding against applying Indiana

---

[1] The Court need not address the other "threshold requirement" that Mexican law differs in an important way, because the Plaintiffs have not established a plausible basis for applying Indiana law.  *See Roe I*, 2008 WL 2732192 at *2 (skipping the analysis of important differences when all the alleged actions and harm took place in Liberia and not Indiana).  As discussed above, all of the alleged actions, harms, and relationships occurred in Mexico.

law and, instead, applying Liberian law, when the challenged activity, the alleged harm, and the relationship between the parties were all centered in Liberia); *Viera*, 2010 WL 3893791 at *3-4 (deciding against applying Indiana law and, instead, applying Brazilian law, when "the only connection with any of the United States is that the defendants are alleged to have made certain decisions in the U.S. home offices"). Accordingly, the Plaintiffs' Indiana law claims are dismissed with prejudice.

**B.**    <u>**Mexican Law Claims**</u>

Plaintiffs Amended Complaint raises several claims against Berry Plastics in which they rely upon violations of Mexican law. As an initial matter, the Court notes that Plaintiffs have failed to provide sufficient notice of the application of foreign law as required under Fed. R. Civ. P. 44.1. *See Viera*, 2010 WL 3893791 at *5.

Rule 44.1 controls the application of foreign law in federal court. *Mzamne v. Winfrey*, 693 F. Supp. 2d 442, 468-69 (E.D. Penn. 2010). Rule 41.1 provides as follows:

> A party who intends to raise an issue about a foreign country's law must give notice by a pleading or other writing. In determining foreign law, the court may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence. The court's determination must be treated as a ruling on a question of law.

Fed. R. Civ. P. 44.1. While Rule 44.1 "empowers a district court with the authority to determine applicable foreign law, it imposes no obligation on the court to inquire into foreign law *sua sponte*". *Mzamne*, 693 F. Supp. 2d at 468-69. Under Rule 44.1, the plaintiffs must "carry both the burden of raising the issue that foreign law may apply in an action, and the burden of adequately proving foreign law to enable the court to apply it in a particular case". *Id.*

In this case, Plaintiffs have not provided any attachments either to the Complaint or to the motion to dismiss briefs, to enable this Court to conduct a meaningful inquiry into the relevant foreign legal authorities cited. *See also Viera*, 2010 WL 3893791 at *5 (noting that a failure to provide timely notice of reliance on foreign law can result in waiver of that law's application).

Nevertheless, even assuming that Plaintiffs have appropriately cited and applied the applicable law of Mexico in their Amended Complaint and in their response brief, the Court finds significant pleading deficiencies which warrant dismissal of the Plaintiffs' Mexican law claims.

**1.      Civil Responsibility/Illicit Acts**

In the first count, Plaintiffs allege that Berry Plastics is civilly responsible for the illicit acts made against them. (Filing No. 29 at 10-11.) Plaintiffs assert this claim under Article 1910 of the Federal Civil Code of Mexico, which, according to the Plaintiffs[2], states as follows:

> Whoever acts against the law or good customs, or fails to act in conformity with the law or good customs, and by such action or inaction causes damage to another, is liable to the one injured, unless he proves that the damage was produced as a consequence of the victim's non-excusable fault or negligence.

(Filing No. 33 at 11.) Plaintiffs allege that the Berry Plastics is liable under this statute because it's subsidiary mislead the Plaintiffs into entering agreements with them for the purpose of stealing their customers; falsely accused the Plaintiffs of fraud; threatened to have Mr. Torreblanca arrested; and falsely prosecuted both Plaintiffs in Mexico. *Id.*

In making such allegations, Plaintiffs provide significant factual detail regarding the allegedly fraudulent pagare that led non-party Aspen to file a civil claim against them in the Mexican Mercantile Court and that led non-party Pliant to file a criminal proceeding against them.

---

[2] Because the Plaintiffs have not provided a copy of the foreign statute section, the Court assumes for the purposes of evaluating the sufficiency of the Plaintiffs' factual pleading, that the Plaintiffs' articulation and explanation of the applicable law is correct.

(*See* Filing No. 29 at 3-7.)  However, Plaintiffs do not provide a single factual allegation to explain what role Berry Plastics played with regards to any of these actions.  Potentially recognizing this deficiency, the Plaintiffs meekly state in their response brief that they are "confident that through discovery, Plaintiffs will discover clear evidence that [Berry Plastics] exerted the 'unusually high degree of control' over Pliant needed to establish an alter ego relationship".

However, to survive a Rule 12(b)(6) motion for dismissal a plaintiff must provide the factual grounds supporting his entitlement to relief; and neither bare legal conclusions nor a formulaic recitation of the elements of a cause of action will suffice in meeting this obligation. *Bell Atl. Corp.*, 550 U.S. at 555.  *See also Ashcroft*, 556 U.S. at 678 ("the pleading standard Rule 8 . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and "(t)hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").  Although heightened fact pleading of specifics is not required, the complaint must contain enough facts to state a claim to relief that is plausible on its face.  *Twombly*, 550 U.S. at 570; *Tamayo*, 526 F.3d at 1083 ("(a) plaintiff still must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and, through his allegations, show that it is plausible rather than merely speculative, that he is entitled to relief").  Further, Plaintiffs cannot use a threadbare complaint to justify conducting a fishing expedition in search of a viable cause of action.

As pled, neither Berry Plastics nor the Court can conclude what alleged actions Berry Plastics took that would amount to an "illicit act" under Mexican law or that would justify civil penalties under Article 1910 of the Federal Civil Code of Mexico.  Instead, it appears that all of the alleged actions taken against Plaintiffs were made by non-parties Aspen and Pliant.

Accordingly, the Plaintiffs have not plausibly pled their illicit acts claim and dismissal is warranted.[3]

### 2.    Fraud ("Dolus") and Willful Misrepresentation

In count two, Plaintiffs allege that Berry Plastics is liable for fraud and willful misrepresentation.  (Filing No. 29 at 12-13.)  Berry Plastics responds that Mexican law does not recognize a cause of action for civil fraud.  (*See* Filing No. 31 at 10.)   In support, Berry Plastics cites *Portillo Gallo v. Quest Diagnostic, Inc.*, EP-04-CA-257-DB, 2005 U.S. Dist. LEXIS, *18 n.7 (W.D. Tex. Mar. 29, 2005) (citing an expert report that concluded there was no cause of action for fraud under Mexican law); and Berry Plastics cites *Banco de Mexico v. Orient Fisheries, Inc.*, 680 F. Supp. 2d 1132, 1145-46 (C.D. Cal. 2010) (which avoided deciding whether a fraud claim exists under Mexican law and, instead, dismissed the claim based on the Mexican statute of limitations). Regardless, even assuming the existence of a fraud claim under Mexican law, the Plaintiffs have failed to allege sufficient facts to plausibly plead that Berry Plastics acted in a fraudulent manner.

Unlike notice pleading, where it is sufficient that the court be able to identify some set of facts under which plaintiffs could prevail, Rule 9(b) requires that the alleged fraud be pled in detail,

---

[3] The Court need not address the additional argument regarding whether recovery for an "illicit act" under Mexican law first requires a criminal conviction. First, the Court again notes that the Plaintiffs have failed to adequately provide this Court with sufficient notice of the applicable Mexican law, something that the Plaintiffs must correct upon filing of a second amended complaint.  Without such notice and materials, the Court has no way to independently evaluate the applicable Mexican law.  Second, even assuming a criminal conviction is not required prior to filing the illicit act claim as the Plaintiffs contend, the Plaintiffs have not provided any facts to link Berry Plastics to the alleged actions or harm.  Without plausibly plead facts, the Plaintiffs' "illicit act" claim cannot proceed.

In addition, the Court is not persuaded by the Plaintiffs' considerable effort to explain liability for an "illicit act" under an alter ego or direct actor theory rather than a piercing the corporate veil theory.  First, the Court need not evaluate whether Mexican law allows for recovery against a corporate principal under a piercing the corporate veil theory because the Plaintiffs assert that they are not seeking to impose liability under that theory.  (*See* Filing No. 33) ("[i]t is not through the theory of 'piercing the corporate veil' that Defendants [sic] seek to hold the Defendant liable, but through Defendant's direct participation in the alleged acts".)   Second, the Plaintiffs errantly rely on Indiana substantive law to explain their alter ego and direct actor theories of liability, repeatedly citing Indiana cases rather than Mexican cases.  Instead, for their substantive Mexican law claims, the Plaintiffs must explain their theories of liability by applying Mexican substantive law.

stating with particularity the circumstances constituting fraud.  *City of Austin Police Ret. Sys. v. ITT Educ. Servs., Inc.*, 388 F. Supp. 2d 932, 935 (S.D. Ind. 2005); *Plumbers and Pipefitters Local Union 719 Pension Fund v. Zimmer Holdings, Inc.* ("Plumbers"), 673 F. Supp. 2d 718, 731 (S.D. Ind. 2009).  This heightened pleading requirement responds "to the great harm to the reputation of a business firm or other enterprise a fraud claim can do."  *Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 507 (7th Cir. 2007); *Plumbers*, 673 F. Supp. 2d at 731.  Accordingly, a plaintiff claiming fraud "must do more pre-complaint investigation to assure that the claim is responsible and supported, rather than defamatory and extortionate."  *Id*.  Therefore, the complaint must provide the "who, what, when, where, and how" of the alleged fraud.  *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990); *Plumbers*, 673 F. Supp. 2d at 731.

In this regard, the Plaintiffs provide only the following broad statements regarding Berry Plastics's allegedly fraudulent behavior.

> [Berry Plastics] intentionally used false statements and maneuvers to induce Plaintiffs to enter into the purchase order with no intention of performing under the terms of their commitments and responsibilities. . . . [Berry Plastics's] false statements and maneuvers are an attempt to secure criminal actions and arrest warrants against Plaintiffs in order to steal Plaintiff's customer base in Mexico.

(Filing No. 29 at 12.)  While these actions are clearly linked to non-parties Aspen and Pliant, the Amended Complaint contains no specific factual allegations regarding Berry Plastics's involvement.   Needless to say, this does not supply the Court with the "who, what, when, where, and how" of the alleged fraud and does not satisfy the pleading requirements of either Rule 8 or Rule 9.  *See DiLeo*, 901 F.2d at 627; *Plumbers*, 673 F. Supp. 2d at 731.  Accordingly, dismissal is warranted on this claim as well.

### 3. <u>Moral Damages</u>

In count three, Plaintiffs also seek moral damages under the Mexican Federal Civil Code for the claims asserted in counts one and two. (<u>Filing No. 29 at 13</u>.) However, because the Plaintiffs have not plausibly pled the underlying claims based on an illicit act or fraud, the Plaintiffs' claim for moral damages is also not plausibly pled and must be dismissed.

### C. <u>Additional Pleading Issues and the Opportunity to Replead Mexican Law Claims</u>

Federal Rule of Civil Procedure 15 directs that courts should "freely" grant leave to amend a pleading "when justice so requires". Fed. R. Civ. P. 15(a)(2). Nevertheless, courts are instructed to deny leave to amend for such reasons as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of [the] amendment." *Airborne Beepers & Video, Inc. v. A T & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007); *Leavell*, 600 F.3d at 808.

The Court considers it appropriate to allow Plaintiffs a narrow opportunity to refile their Mexican law claims, should the Plaintiffs be able to cure the numerous deficiencies identified in this Entry. Should Plaintiffs attempt a second amended complaint, there are a number of additional issues which Plaintiffs must also address when filing a second amended complaint. First, it is not clear whether this Court has subject matter jurisdiction over Berry Plastics's claims, as most foreign tort claims are brought pursuant to the narrowly construed Alien Tort Statute, 28 U.S.C. § 1350, rather than brought directly by applying foreign statutes. *See, e.g. Roe I*, 2008 WL 2732192 (evaluating alleged child labor violations under the Alien Tort Statute); *Viera*, 2010 WL 3893791 at *2 (evaluating alleged environmental violations under the Alien Tort Statute and noting that "the ATS provides no substantive cause of action and [the] federal courts must be skeptical of

attempts to invoke their jurisdiction via the ATS to hear claims outside of their modest number of international law violations"). Therefore, a clear statement of subject matter jurisdiction is required to demonstrate that this Court has jurisdiction over the Plaintiffs' Mexican law claims independent from the Alien Tort Statute.

Second, if Plaintiffs seek to pursue their tort claims against Berry Plastics under Mexican law, they are required to file notice with the Court of their reliance on foreign law. *See Viera*, 2010 WL 3893791 at *5. Fed. R. Civ. P. 41.1 requires that a party intending to raise an issue about a foreign country's law must inform the court through "pleading or other writing". Fed. R. Civ. P. 44.1. Further, under Rule 44.1, the Plaintiffs must "carry both the burden of raising the issue that foreign law may apply in an action, and the burden of adequately proving foreign law to enable the court to apply it in a particular case". *Viera*, 2010 WL 3893791 at *5. If the Plaintiffs elect to file a second amended complaint, they are required to file the appropriate notice along with translated copies of all foreign law that they rely on to support their Mexican law claims.

Third, because Indiana treats statutes of limitation as a procedural constraint on when a suit may be filed, before refiling their Mexican law claims, Plaintiffs must carefully consider whether the alleged claims are time-barred by the applicable statute of limitations, which appears to be two years for tort claims under Mexican law. *See Viera*, 2010 WL 3893791 at *4 (discussing statutes of limitations as a procedural constraint); *Banco de Mexico*, 680 F. Supp. 2d at 1145-46 (discussing the applicable Mexican statute of limitations).

Accordingly, the Plaintiffs are afforded **fourteen (14) days** from the date of this Entry to file a second amended complaint which remedies the numerous issues identified in this Entry. If Plaintiffs elect to forego filing a second amended complaint and instead wish to pursue appeal,

following the **fourteen days**, the Court will issue a dismissal of the Plaintiffs' Mexican law claims with prejudice, and entry of a final appealable judgment.

## IV.  <u>CONCLUSION</u>

For the reasons explained above, the Court **GRANTS** the Defendant's Motion to Dismiss**.** (Filing No. 30.)  The Plaintiffs' Indiana law claims are **DISMISSED with prejudice**.  However, the Plaintiffs' Mexican law claims are **DISMISSED without prejudice**.  Plaintiffs are afforded a narrow opportunity to file a second amended complaint within **fourteen (14) days** from the date of this Entry.  If Plaintiffs elect to forego filing a second amended complaint within that time or if the Plaintiffs are unable to overcome the numerous deficiencies identified with regards to their Mexican law claims, the Plaintiffs' Mexican law claims will also be dismissed with prejudice.

**SO ORDERED.**

Date: 8/29/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Jesse R. Castillo
CASTILLO SNYDER, P.C.
jcastillo@casnlaw.com

Jean Marie Blanton
ZIEMER STAYMAN WEITZEL & SHOULDERS LLP
jblanton@zsws.com

14